# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JOHN ANTHONY COOPER,<br>Petitioner, | Case No. 1:18-cv-28 |
| vs. | Barrett, J.<br>Litkovitz, M.J. |
| WARDEN, PICKAWAY<br>CORRECTIONAL INSTITUTION,<br>Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Pickaway Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on the petition, respondent's motion to dismiss (Doc. 9), and petitioner's response in opposition. (Doc. 12).

## I. PROCEDURAL HISTORY

### State Trial Proceedings

On July 14, 2015, the Clermont County, Ohio, grand jury returned a three-count indictment charging petitioner with two counts of operating a motor vehicle while under the influence of alcohol or drug of abuse or with specified concentrations of alcohol or drug in certain bodily substances and one count of driving under OVI suspension. (Doc. 8, Ex. 1). The two counts of operating a motor vehicle while under the influence of alcohol included a specification that within the past twenty years petitioner had been convicted of five or more equivalent OVI offenses. (Doc. 8, Ex. 2, 3).

Petitioner, through counsel, initially entered a plea of not guilty and not guilty by reason of insanity. He also filed a suggestion of incompetence. (Doc. 8, Ex. 4, 5). After being found competent to stand trial (Doc. 8, Ex. 6, 7), petitioner pled guilty to one count of driving while under the influence and the accompanying repeat OVI specification. (Doc. 8, Ex. 8).

On May 12, 2016, petitioner was sentenced to a total aggregate prison sentence of six and one-half years of confinement in the Ohio Department of Corrections. (*See* Doc. 8, Ex. 10, 11).

**Direct Appeal**

Petitioner, through counsel, filed a timely notice of appeal to the Ohio Court of Appeals. (Doc. 8, Ex. 12). On December 27, 2016, petitioner's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which contained the following statement: "Counsel has reviewed the court file, as well as the transcript of proceedings prepared in this case, and can find no error by the Trial Court prejudicial to the rights of appellant which may be argued to this Court on appeal." (Doc. 10, Ex. 13 at PageID 84). Counsel requested that the court conduct an independent review of the record "to determine whether petitioner received ineffective assistance that caused the guilty plea to be involuntary," certified that counsel informed petitioner that he could file his own brief with the court, and requested permission to withdraw as counsel "on the basis that the appeal is frivolous." (*Id.* at PageID 84–85).

On March 6, 2017, the Ohio Court of Appeals dismissed the appeal as frivolous. (Doc. 8, Ex. 15).

Petitioner filed a motion for reconsideration on March 27, 2017. (Doc. 8, Ex. 16). Petitioner argued that the trial court erroneously informed him that the first sixty days of his OVI sentence was mandatory. (*See id.*). On June 9, 2017, the Ohio appeals court reversed petitioner's OVI sentence and remanded the case for resentencing on that conviction. The court affirmed the trial court's judgment in all other respects. (Doc. 8, Ex. 17). On July 31, 2017, the trial court issued an amended final judgment and sentencing entry, deleting the 60-day mandatory portion of petitioner's sentence and imposing the same six and one-half year

sentence. (Doc. 8, Ex. 20).

To date, petitioner has not sought further review in the Ohio Supreme Court of the direct appeal decision.[1]

### Application to Reopen Appeal

On May 8, 2017, petitioner filed a pro se application to reopen his appeal pursuant to Ohio App. R. 26(B). (Doc. 8, Ex. 18). Petitioner argued his appellate counsel was ineffective for failing to raise the following assignments of error on direct appeal:

Assignment of Error Number One:

Defense counsel's performance during the plea negotiations prejudicially fell below an objective standard of reasonableness in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution, constituting ineffective assistance of counsel, when advising his client to enter into an illusory and unconscionable plea agreement, tantamount to entering an unknowing, unintelligent, and involuntary plea.

Assignment of Error Number Two:

The guilty plea was entered in violation of due process absent compliance with Ohio Crim. R. 11(C)(2)(a), tantamount to an involuntary plea of guilty when voluntariness was determined on the record by a document signed prior to the change of plea hearing that only explained what a guilty plea was and the possible sentence that could be imposed, not whether the entra[n]ce of the guilty plea itself was voluntarily.

(*Id.* at PageID 112, 114). On July 31, 2017, the Ohio Court of Appeals denied petitioner's application. (Doc. 8, Ex. 19).

Petitioner did not appeal the decision to the Ohio Supreme Court. However, it appears from petitioner's response to respondent's motion to dismiss that petitioner attempted to appeal

---

[1] As discussed below, petitioner maintains that he has been unable to file a delayed appeal to the Ohio Supreme Court because prison staff have denied him access to the courts. (*See* Doc. 1 at PageID 6–7).

the appeals court's decision. Attached to his response is a September 15, 2017 letter from the Ohio Supreme Court, returning his documents to him on the ground that they were not timely filed[2] and noting that the provision for filing a delayed appeal does not apply to appeals brought pursuant to Ohio App. R. 26(B). (*See* Doc. 12, Ex. B at PageID 219).

## Federal Habeas Corpus

On January 16, 2018, petitioner commenced the instant federal habeas corpus action. (Doc. 1). Petitioner raises the following three grounds for relief in the petition:

> **GROUND ONE**: Petitioner was denied due process of law when the Ohio Court of Appeals granted appellate counsel's request to withdraw under *Anders v. California*, 386 U.S. 738 (1967) and dismissed the appeal when the state trial court record contained plain error that the plea was not knowingly, intelligently, nor voluntarily entered.
>
> **GROUND TWO**: Appellate counsel was prejudicially ineffective for failing to raise on appeal trial counsel's ineffective assistance during plea negotiations when advising petitioner to enter into an illusory and unconscionable plea contract that resulted in an unknowing, unintelligent, and involuntary guilty plea.
>
> **GROUND THREE**: Appellate counsel was prejudicially ineffective for failing to raise on appeal that the acceptance of petitioner's guilty plea is in violation of due process, tantamount to an involuntary guilty plea when the determination of the voluntariness was predicated on events that occurred outside the change of plea proceedings and absent compliance with the procedures set forth in Ohio Crim. R. 11(C)(2)(a).

(Doc. 1).

Respondent has filed a motion to dismiss the petition on the ground that petitioner has failed to exhaust his state court remedies. (Doc. 9). Petitioner opposes the motion to dismiss,

---

[2] Petitioner argues that his appeal was improperly denied as being untimely filed. The letter returning his documents states, "The deadline for receipt of documents appealing a court of appeals' decision dated July 31, 2017 was September 15, 2017. The enclosed documents were not received until September 15, 2017." (Doc. 12, Ex. B at PageID 219). Petitioner has also attached his notice of appeal and memorandum in support of jurisdiction, both stamped as "filed" on September 15, 2017. (*Id.* at PageID 220, 221).

4

arguing that his grounds for relief have been exhausted in the state courts. (Doc. 12).

## II. OPINION

The statute governing habeas petitions filed by state prisoners contains an exhaustion requirement. *See* 28 U.S.C. § 2254(b)-(c). Specifically, the statute provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review by the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the

petitioner's failure to exhaust, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring the exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

Since the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA), which "preserved *Lundy*'s total exhaustion requirement," but also imposed a one-year statute of limitations on the filing of federal habeas petitions, *Rhines v. Weber,* 544 U.S. 269, 275 (2005), some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure to ensure habeas review is not precluded in the class of cases where a timely-filed federal habeas petition is dismissed on exhaustion grounds and petitioner subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *Palmer v. Carlton,* 276 F.3d 777, 778-81 (6th Cir. 2002).

In *Rhines,* 544 U.S. at 276, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but that such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes." The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the

importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276-77 (quoting *Lundy,* 455 U.S. at 520).

The Court went on to determine that:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .
>
> For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277-78. However, on the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In the absence of clear guidance from the Supreme Court, the federal courts have differed as to what constitutes "good cause" within the meaning of *Rhines. See, e.g., Williams v. Hurley,* No. 2:05-cv-985, 2006 WL 1650771, at *10–11 (S.D. Ohio June 6, 2006) (Report &

Recommendation) (King, M.J.) (discussing the split in authority as to whether the "cause standard of *Rhines* requires a lesser showing than that for procedural default" and whether ineffective assistance of counsel during state post-conviction proceedings may constitute "good cause for failure to exhaust claims in state proceedings"), *adopted,* 2006 WL 1804550 (S.D. Ohio June 28, 2006) (Holschuh, J.) (unpublished); *see also Tolliver v. Sheets,* No. 2:05-cv-1161, 2007 WL 2462650, at *17–18 (S.D. Ohio Aug. 27, 2007) (Smith, J.; King, M.J.) (unpublished).

In *Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005), the Supreme Court stated that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file" a petition containing unexhausted claims in the federal court. Some courts have concluded that this statement in *Pace* supports a more expansive definition of good cause. *See, e.g., Tullis v. Kontah,* No. 2:06cv1025, 2007 WL 915197, at *5–6 (S.D. Ohio Mar. 26, 2007) (Graham, J.; King, M.J.) (unpublished) (citing Ninth Circuit decision in *Jackson v. Roe,* 425 F.3d 654, 661–62 (9th Cir. 2005), and *Baker v. Horn,* 383 F. Supp. 2d 720, 747 (E.D. Pa. 2005)); *see also Hnatiuk v. Trombley,* No. 06-13880, 2008 WL 3305157, at *4 (E.D. Mich. Aug. 11, 2008) (unpublished) (quoting *Rhines v. Weber,* 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (on remand from Supreme Court's decision in *Rhines*)). In *Tullis,* after detailing the "broad and varied" split in authority, the Court concluded with the following quotation from *Riner v. Crawford,* 415 F. Supp. 2d 1207, 1209–11 (D. Nev. 2006):

> [T]he discussions by the Pennsylvania court in *Baker* and the Ninth Circuit in *Jackson* support . . . [the] conclusion that the good cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control, such as the actions of counsel

either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence.

*Tullis, supra,* 2007 WL 915197, at *6.

In this case, petitioner has filed a "mixed" petition containing both exhausted and unexhausted claims. As respondent argues in the motion to dismiss, petitioner has failed to exhaust his available state court remedies with respect to his first ground for relief. In Ground One, petitioner contends that his guilty plea was not voluntarily, intelligently, or knowingly entered. He claims that the Court of Appeals therefore violated his due process rights by dismissing his direct appeal and allowing counsel to withdraw. (Doc. 1 at PageID 5). However, petitioner never presented these claims to the Ohio Supreme Court following the Ohio Court of Appeals' decision denying his direct appeal. This ground for relief remains unexhausted because petitioner may still seek relief in the state courts through a delayed appeal to the Ohio Supreme Court. *See* S. Ct. Prac. R. 7.01(A)(4). By contrast, petitioner's claims in Grounds Two and Three regarding the ineffective assistance of appellate counsel are exhausted. As noted above, petitioner's attempt to appeal the Ohio Court of Appeals' July 31, 2017 decision denying his application to reopen his appeal was returned to him as untimely and the Ohio Supreme Court does not accept delayed appeals brought pursuant to Ohio R. App. 26(B).

Because it thus appears that there are available avenues of relief in the state courts for petitioner to exhaust the claims asserted in his first ground for relief, the Court must next address whether the petition should be dismissed without prejudice to renewal upon petitioner's exhaustion of his state remedies, or whether the instant proceedings should be stayed and held in abeyance while petitioner exhausts his claims in the state courts. *Cf. Bridgeman v. Warden,*

*Ohio State Penitentiary,* No. 3:12cv54, 2012 WL 5877527, at *4 (S.D. Ohio Nov. 20, 2012) (Ovington, M.J.) (Report & Recommendation), *adopted,* 2012 WL 6616352 (S.D. Ohio Dec. 19, 2012) (Rice, J.).

Petitioner has not moved for a stay. However, he claims that he did not exhaust his state court remedies with respect to Ground One because his appellate attorney did not inform him of his right to appeal and prison officials deprived him of access to the courts, resulting in his inability to file a delayed appeal in the Ohio Supreme Court. (*See* Doc. 1 at PageID 6–7). Petitioner further indicates that he has filed a prisoner civil rights complaint concerning his access to the courts claim in *Cooper v. Wamsley,* Case No. 2:18-cv-34 (S.D. Ohio Jan. 12, 2018), which remains pending. (*See* Doc. 12 at PageID 213).[3]

The undersigned recommends that the petition should be stayed so that petitioner may attempt to exhaust the claims raised in Ground One of the petition via a delayed appeal in the Ohio Supreme Court. As noted above, petitioner claims that his failure to exhaust these claims resulted from prison officials denying him access to the courts. At this point in the proceedings, the Court cannot conclude that petitioner's claims are "plainly meritless" or that petitioner has engaged in abusive litigation tactics or intentional delay. *Rhines,* 544 U.S. at 277–78. Furthermore, if the Court were to dismiss the petition without prejudice instead of staying the case, any subsequent petition filed by petitioner raising the claims alleged here may be subject to dismissal on statute of limitations grounds.

---

[3] Specifically, petitioner claims that prison staff have denied him notary services, which prevented him from complying with the Supreme Court of Ohio Rules of Practice. Petitioner alleges that although the prison administrative grievance process concluded in his favor (*see* Doc. 1 at PageID 17–18), prison officials refuse to comply with the Chief Inspector's ruling and continue to deprive him of access to the courts. (*See id.* at PageID 18).

Accordingly, in sum, after weighing the *Rhines* factors, for good cause shown, and out of concern that the dismissal of the petition at this juncture might unreasonably impair future federal review of any of petitioner's grounds for habeas corpus relief, it is **RECOMMENDED** the instant proceedings be **STAYED** while petitioner is afforded the opportunity to fully exhaust his state court remedies. To ensure that judicial and administrative resources are conserved, it is **FURTHER RECOMMENDED** that the stay take the form of an administrative stay and that the case be terminated on the Court's active docket.

In light of the undersigned's recommendation that this action be stayed, respondent's motion to dismiss should be **DENIED**. (Doc. 9).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The petition (Doc. 1) be administratively **STAYED** and **TERMINATED** on the Court's active docket pending petitioner's exhaustion of his Ohio remedies. The stay should be conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket within thirty (30) days after exhausting the claims raised in Ground One of the petition via a delayed appeal to the Ohio Supreme Court. Petitioner should be granted leave to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies based on a showing that he has complied with the conditions of the stay.

In light of this recommendation, respondent's motion to dismiss (Doc. 9) should be **DENIED**.

2. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), which is applicable to this case involving a recommended stay of the petition so that petitioner can exhaust available state court remedies.

11

*Cf. Porter v. White*, No. 01-CV-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections*, 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case dismissed on exhaustion grounds). *See generally Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn*, 115 F.3d 201, 203–206 (3rd Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that the case should be stayed (as opposed to dismissed without prejudice) pending exhaustion of such remedies.[4]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 2/12/19

Karen L. Litkovitz
United States Magistrate Judge

---

[4] Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack*, 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOHN ANTHONY COOPER,
    Petitioner,

vs.

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:18-cv-28

Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).