# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JOHN ANTHONY COOPER,

            Petitioner,    :    Case No. 1:18-cv-028

  - vs -                           District Judge Douglas R. Cole
                                      Magistrate Judge Michael R. Merz

WARDEN,
  Pickaway Correctional Institution,

                                 :
            Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner John Cooper, is before the Court for decision on the merits. The Court has before it the Petition (ECF No. 1), the State Court Record (ECF Nos. 8 and 18), the Return of Writ (ECF No. 19), and Petitioner's Reply (ECF No. 22).

The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the Southern District (ECF No. 24).

**Litigation History**

A Clermont County, Ohio, grand jury indicted Cooper on July 14, 2015, on one count of operating a motor vehicle while under the influence of alcohol (OVI) with the specification that he had been convicted five or more times of equivalent offenses in the last twenty years, one count of driving with a prohibited breath alcohol level with the same specification, and one count of

1

driving with a suspended license (Indictment, State Court Record, ECF No. 8, Exhibit 1). After he was found competent to stand trial and his motion to suppress was denied, Cooper pleaded guilty to the OVI charge and specification. The court sentenced him to an aggregate prison term of 6.5 years.

Cooper appealed, but the court of appeals, after assessing the *Anders* brief filed by Cooper's counsel, dismissed the appeal as frivolous. *State v. Cooper,* 2017-Ohio-789 (Ohio App. 12th Dist. Mar. 6, 2017). On reconsideration, it reversed the sixty-day mandatory portion of the sentence and remanded for re-sentencing. On remand the trial court eliminated the sixty days mandatory time, but reimposed an aggregate sentence of 6.5 years.

On May 8, 2017, Cooper filed an application to reopen his direct appeal, asserting ineffective assistance of appellate counsel in failing to include two specified assignments of error. The Twelfth District denied the application. *State v. Cooper,* Case No. CA2016-06-037 (12th Dist. Jul. 31, 2017)(unreported; copy at State Court Record, ECF No. 8, Ex. 19).

Cooper filed his Petition in this Court January 3, 2018, pleading the following grounds for relief:

> **Ground One**: Petitioner was denied due process of law when the Ohio court of appeals granted appellate counsel's request to withdraw under *Anders v. California,* 386 U.S. 738 (1967) and dismissed the appeal when the state trial court record contained plain error that the plea was not knowingly, intelligently, nor voluntarily entered.
>
> **Supporting Facts:** Appellate counsel filed an *Anders* Brief. The Ohio Court of Appeals allowed appellate counsel to withdraw and dismissed the appeal under the incorrect assertion that the trial record did not contain error. First, petitioner was indicted on a "duplicate" OVI charge. Instead of the record disclosing that petitioner had been informed that the duplicate charge had no prejudicial affect [sic] -and that to convict him of it would actually violate the Double Jeopardy Clause because petitioner only committed "one" OVI offense, being charged with two--the record

2

evinces [sic] defense counsel allowed the prosecution to use the duplicitous charge to coerce petitioner into pleading guilty through an illusory and unconscionable plea contract the led petitioner to believe he could suffer additional punishment on the duplicitous charge if he did not take the plea.

Second, the record evinces [sic] that the trial court did not comply with Ohio Crim. R. 11(F). Not only was the fact that defense counsel allowed the prosecution to use the duplicitous charge to coerce the plea by agreeing to dismiss it in exchange for the guilty plea through an illusory and unconscionable plea agreement not placed on the record in compliance with Ohio Crim. R. 11(F) (even though the dismissal of the charge in exchange for the plea is evinced [sic] from the record), none of the terms or conditions antecedent to the plea contract were placed upon the record, as is mandate by Ohio Crim. R. 11(F).

Third, the trial court did not address petitioner personally and ask him if his guilty plea was being entered voluntarily to determine the same in non-compliance with the Due Process Clause and Ohio Crim.R. 11(C)(2)(a). The trial court based his voluntariness determination based upon discussion of a document signed outside of the court proceedings that the trial court was not privy to. Of course, had petitioner not been made victim of an illusory and unconscionable plea contract by both defense counsel and the prosecution, and had he been properly informed that the duplicitous charge had no prejudicial affect, he would not have agreed that his plea was being entered voluntarily in that circumstance had the trial court asked like he was supposed to, and had petitioner known the significance of the duplicitous charge. Nevertheless, these errors are evinced [sic] from the record and the Anders Brief should not have been granted, regardless of the Ohio Court of Appeals contention that petitioner was given sufficient to respond, which, petitioner argues he was not given proper notice of.

**Ground Two**: Appellate counsel was prejudicially ineffective for failing to raise on appeal trial counsel's ineffective assistance during plea negotiations when advising petitioner to enter into an illusory and unconscionable plea contract that resulted in an unknowing, unintelligent, and involuntary guilty plea.

**Supporting Facts:** Appellate counsel failed to raise and argue on appeal that trial counsel failed to advise petitioner that the Second OVI Count in the indictment was duplicitous. Instead, that trial counsel allowed petitioner to believe that he could suffer additional punishment if he pled not guilty, went to trial and was convicted of

3

that Second Count. That, in turn, trial counsel then allowed the prosecution to use that duplicitous count to coerce the guilty plea with promises of dismissal in exchange, representing an illusory and unconscionable plea contract. Also, the that [sic] illusory and unconscionable plea contract, while its result appears on record, that underlying agreement, in its terms and conditions, was never placed upon the record and in open court as is required by Ohio Crim. R. 11(F). Appellate counsel was prejudicially ineffective to file an *Anders* Brief in the existence of this plain error.

**Ground Three**: Appellate counsel was prejudicially ineffective for failing to raise on appeal that the acceptance of petitioner's guilty plea is in violation of due process, tantamount to an involuntary guilty plea when the determination of the voluntariness was predicated on events that occurred outside the change of plea proceedings and absent compliance with the procedures set forth in Ohio Crim. R.11(C)(2)(a).

**Supporting Facts:** Appellate counsel was prejudicially ineffective filing an *Anders* Brief when failing to raise on appeal the trial court's non-compliance with Ohio Crim. R. 11(C)(2)(a) by not personally addressing petitioner to determine if his guilty plea was being entered voluntarily. That instead of personally addressing petitioner as to voluntariness, the trial court made a voluntariness determination based upon events he was not privy to that occurred outside the change of plea proceedings. Additionally, had petitioner of [sic] known that he was being coerced to enter into an illusory and unconscionable plea contract by the use of a duplicitous charge, and if personally addressed if compliance with the strict mandates of Ohio Crim. R. 11(C)(2)(a) were adhered to, petitioner would have stated that his guilty plea was involuntary.

(Petition, ECF No. 1, PageID 5-10).

4

## Analysis

**Ground One: Denial of Due Process by Dismissal of Direct Appeal in the Face of Plain Error**

In his First Ground for Relief, Cooper claims he was denied due process of law when the Ohio Twelfth District Court of Appeals failed to recognize and correct plain error on the face of the record.

**Procedural Default**

Respondent asserts this claim is procedurally defaulted because Cooper did not timely appeal to the Supreme Court of Ohio from the appellate judgment (Return, ECF No. 19, PageID 279).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v.*

5

*Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Applying the four-part *Maupin* test, the Court first finds that Ohio has an applicable procedural rule, to wit, that an appeal from an intermediate court of appeals to the Supreme Court of Ohio must be taken within forty-five days of the judgment in the court of appeals. S.Ct.Prac.R. 7.01(A)(1)(a)(i). That rule is an adequate and independent state ground of decision. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004). In this case it was enforced against Cooper when the Supreme Court of Ohio denied without explanation his motion for leave to file a delayed appeal (State Court Record, ECF No. 18, PageID 258).

As excusing cause, Cooper claims that ODRC officials refused to notarize his Affidavit of Indigency required by S.Ct.Prac.R. 3.06(A)(Reply, ECF No. 22, PageID 304). In fact he claims that the Court has already resolved that issue (Reply, ECF No., 22, PageID 304, referring to ECF No. 13, 14, and 15). In her Report and Recommendations concluding that the Warden's Motion to Dismiss should be denied and Cooper given a stay to exhaust his remedy of a delayed appeal, Magistrate Judge Litkovitz wrote:

> Petitioner has not moved for a stay. However, he claims that he did not exhaust his state court remedies with respect to Ground One

7

> because his appellate attorney did not inform him of his right to appeal and prison officials deprived him of access to the courts, resulting in his inability to file a delayed appeal in the Ohio Supreme Court. *(See* Doc. 1 at PageID 6- 7). Petitioner further indicates that he has filed a prisoner civil rights complaint concerning his access to the courts claim in *Cooper v. Wamsley,* Case No. 2: 18-cv-34 (S.D. Ohio Jan. 12, 2018), which remains pending. *(See* Doc. 12 at PagelD 213). (Note 3: Specifically, petitioner claims that prison staff have denied him notary services, which prevented him from complying with the Supreme Court of Ohio Rules of Practice. Petitioner alleges that although the prison administrative grievance process concluded in his favor *(see* Doc. I at Page!D 17- 18), prison officials refuse to comply with the Chief Inspector's ruling and continue to deprive him of access to the courts. *(See id* at Page ID 18).

(Report, ECF No. 13, PageID 232.) That portion of this argument relating to a request for delayed appeal is now moot because after the stay was granted Cooper successfully filed a motion for delayed appeal. Although that motion was denied, it did exhaust that particular state court remedy.

As cause for not timely appealing in the first place, Cooper claims his appellate attorney did not advise him of his right to appeal (Petition, ECF No. 1, PageID 6-7). Cooper does not claim he did not know of the Twelfth District's decision and in fact that court's judgment entry instructed the Clerk to send a copy to Cooper personally (State Court Record, ECF No. 8, Ex. 15, PageID 97). In the context of appeal of a criminal judgment in federal court, the Sixth Circuit has held "The Constitution does not require lawyers to advise their clients of the right to appeal." *Ludwig v. United States,* 162 F.3d 456, 459 (6th Cir. 1998). Lack of counsel at the stage of discretionary appeal to the Supreme Court of Ohio, lack of a trial transcript, unfamiliarity with the English language, and short time for legal research in prison do not establish cause to excuse this kind of default. Much less does ignorance of the law excuse the default. The Magistrate Judge concludes Ground One is procedurally defaulted by Cooper's failure to timely appeal to the Supreme Court of Ohio.

Even before that default, Cooper failed to present this issue to the Ohio courts. The final decision of the Twelfth District indicates that after his attorney filed the *Anders* brief, Cooper was given an opportunity to make his argument *pro se*. but never did so. *State v. Cooper*, 2017-Ohio-789, ¶ 3. Cooper has also not explained how it is that he knew enough of Ohio procedural law to file a successful *pro se* motion for reconsideration, but never included this claim in that motion. Ground One is also procedurally defaulted by failure to file a *pro se* brief on direct appeal.

**Merits**

Even if the procedural defaults were excused, Cooper would not be entitled to relief on the merits of Ground One.

First of all, Cooper claims the first two counts of the Indictment are "duplicate" OVI charges and convicting him of both would have violated his rights under the Double Jeopardy Clause. That is the predicate for many of his claims in this case, but it is wrong. Count One charges him with operating a motor vehicle while under the influence of alcohol on July 4, 2015. To convict him on that count, the States was obliged to prove beyond a reasonable doubt that at the time and place alleged, he was in fact operating a motor vehicle and that his ability to do so was appreciably impaired by alcohol. To prove those facts, the State could have relied on the observations of the arresting officer about Cooper's erratic driving and indicia of alcohol consumption.

Count Two charges that at the same date, time, and place, Cooper was operating a motor vehicle with a breath alcohol concentration of .17. To prove that charge, the State would have had to rely on the same officer's observations of Cooper's operation of a vehicle, but also some

9

chemical test of a breath sample.

Those are not the same offenses for Double Jeopardy purposes because each of them contains an element not contained in the other: appreciable impairment in the case of OVI and a proven breath alcohol level as to Count Two. The test for whether two offenses constitute the same offense for Double Jeopardy purposes is "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Cooper could have been tried for both offenses and it is certainly conceivable that he could have been convicted on one and not the other. It is commonly known that frequent consumers of alcohol develop a tolerance, so it could well happen that a jury would find a high breath alcohol level but an acceptable level of performance. Conversely, a jury could find appreciable impairment but conclude the chemical test was inaccurate.

Under Ohio law, a person may be tried and convicted of allied offenses of similar import, but then punished for only one. Ohio Revised Code § 2941.25. Had Cooper been tried and convicted on both counts, it is probable that they would have been merged under that statute and the State would have had to elect which conviction to pursue. But the state is not required to make an election under Ohio Revised Code § 2941.25 before trial. Cooper's Double Jeopardy rights were not violated by charging him as he was charged in Counts One and Two.

In the second and third parts of Ground One, Cooper complains that the trial court did not comply with Ohio R.Crim.P. 11(F) and 11(C)(2)(A) and thereby deprived him of due process of law. However, failure to abide by state law is not itself a constitutional violation. *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). Violation by a State of its own procedural rules does not necessarily constitute a violation of due process. *Bates v. Sponberg*, 547 F.2d 325 (6th Cir. 1976); *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976). "A state cannot be said to

10

have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995).

A plea of guilty or no contest is valid if, but only if, it is entered voluntarily and intelligently, as determined by the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *Abdus-Samad v. Bell*, 420 F.3d 614, 631 (6th Cir. 2005); *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th Cir. 1984). The determination of whether a guilty plea was intelligently made depends upon the particular facts and circumstances of each case. *Johnson v. Zerbst,* 304 U.S. 458, 463 (1938); *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e. g. bribes).

*Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a guilty or no contest plea is determined in light of all relevant circumstances surrounding the plea. *Brady*, 397U.S. at 749. If a prosecutor's promise is illusory[1], then a plea is involuntary and unknowing. *United States v. Randolph*, 230 F.3d 243, 250–51 (6th Cir. 2000). However, where a defendant is "fully aware of

---

[1] Cooper claims his plea agreement is illusory because he could not have been punished for both Counts One and Two. However, Count Three for driving under suspension is not an allied offense of similar import with Counts One and Two; it was dismissed as part of the plea bargain.

11

the likely consequences" of a plea, it is not unfair to expect him to live with those consequences. *Mabry v. Johnson*, 467 U.S. 504, 511 (1984).  A plea-proceeding transcript which suggests that a guilty or no contest plea was made voluntarily and knowingly creates a "heavy burden" for a petitioner seeking to overturn his plea. *Garcia v. Johnson*, 991 F.2d 324, 326–28 (6th Cir. 1993). Where the transcript shows that the guilty or no contest plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* at 326–27.

The plea colloquy in this case took place on the morning of trial, May 2, 2016 (Transcript, State Court Record, ECF No. 8-1.)  It reflects that the plea agreement was that Cooper would plead to Count One and the specification and that Counts Two and Three would be dismissed. If there were other conditions or parts to the plea agreement that do not appear in the record, Copper has not said what they were such that Rule 11 was not followed.

In the plea colloquy the trial judge recited what the plea agreement was, advised Cooper what the maximum penalty was, and went over the rights he was waiving (Transcript, ECF No. 8-1, PageID 165-71.  The judge specifically recites in Cooper's presence that there are no other conditions beyond those recited on the record. *Id.* at PageID 165.  Cooper stated he was entering his guilty plea of his own free will.  *Id.* at PageID 172.  Cooper also agreed that he had gone over the written plea form and signed it of his own free will. *Id.* at PageID 174-75.  Ultimately the trial judge made a finding that the plea was knowing, intelligent, and voluntary. *Id.* at PageID 175.

In sum, Cooper's First Ground for relief is both procedurally defaulted and without merit.

**Grounds Two and Three: Ineffective Assistance of Appellate Counsel**

In his Second and Third Grounds for Relief, Cooper alleges he received ineffective assistance of appellate counsel in that counsel (1) failed to raise on appeal the ineffective assistance of trial counsel for advising Cooper to plead guilty when Count Two was duplicative and (2) failed to raise on appeal the claim that the guilty plea was involuntary because it was "predicated on events that occurred outside the change of plea proceedings and absent compliance with . . . Ohio R.CrimP. 11(C)(2)a)

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010), citing *Knowles v. Mirzayance*, 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged

13

> conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome." 466 U.S. at 694. See also *Darden v. Wainwright*, 477 U.S. 168, 184 (1986), citing *Strickland, supra.; Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), citing *Strickland, supra*; *Blackburn v. Foltz,* 828 F.2d 1177, 1180 (6th Cir. 1987), quoting *Strickland*, 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), quoting *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under Strickland, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes,* 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." Id., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. Id., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter,* 562 U.S. 86, 111-112 (2011).

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial, counsel who acts as an advocate rather than merely as a friend of the court. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.*, *citing Wilson.*

The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." 463 U.S. 751-52). Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). *Williams v. Bagley,* 380 F.3d 932, 971 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005); see *Smith v. Murray*, 477 U.S. 527 (1986). "Only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of [appellate] counsel be overcome." *Dufresne v. Palmer*, 876 F.3d 248 (6th Cir. 2017), quoting *Fautenberry v. Mitchell*, 515 F.3d 614, 642 (6th Cir. 2008).

Respondent argues both of these claims are procedurally defaulted because Cooper did not timely appeal from the denial of his Rule 26(B) Application for Reopening, his appeal papers

having been returned for untimeliness (Return, ECF No. 19, PageID 283-86). Cooper claims Magistrate Judge Litkovitz already found cause and prejudice in her earlier decision in this case reported at *Cooper v. Warden,* 2019 Ohio Dist. LEXIS 22671 (S.D. Ohio 2019). Not so. What Judge Litkovitz recommended and Judge Barret decided was to deny the Warden's Motion to Dismiss because Cooper had the potential remedy of delayed **direct** appeal. Ohio practice does not recognize a delayed appeal from the denial of a 26(B) application. Cooper's ineffective assistance of appellate counsel claims are thus procedurally defaulted by his failure to timely appeal from denial of the 26(B) application.

Moreover, these two claims are without merit. It was not ineffective assistance of appellate counsel to fail to claim ineffective assistance of trial counsel for failure to recognize the potential Double Jeopardy violation in the Indictment because, as pointed out above, there was no such Double Jeopardy issue. It was not ineffective assistance of appellate counsel to fail to claim ineffective assistance of trial counsel for failure to claim the trial judge did not personally address Cooper as required by Ohio R.Crim.P.11 because, as the transcript of the plea shows, the judge did address Cooper personally and obtained his assurance that he was pleading guilty voluntarily. Thus the issues Cooper claims should have been raised were without merit and failure tom plead them was not ineffective assistance of appellate counsel.

**Conclusion**

All of Cooper's Grounds for Relief are barred by his procedural defaults in presenting them to the state courts. Moreover, they are all without merit. Accordingly the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists

would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 2, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.